IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Claudius Williams, | Civil Action No.: 2:10-cv-01799-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| The State of South Carolina, | |
| Defendant. | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Carr.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss the Complaint without prejudice.

**Procedural History and Factual Background**

This case was initiated on July 12, 2010, when the Plaintiff filed a *pro se* Complaint appearing to allege a cause of action pursuant to 42 U.S.C. § 1983 for illegal incarceration. Specifically, the Plaintiff alleges that "the State of South Carolina made a sworn statement that [he] violated one of its private laws under a affidavit by one of their procurement officers." Further, he alleges that he was never subject to "any of the State of South Carolina private laws and the courts never had venue jurisdiction to hear or pass any judgment." He seeks monetary damages in the amount of ten million dollars and immediate release from prison. On September 8, 2010, the Magistrate Judge issued the R&R recommending that the Court dismiss the Complaint without prejudice and without issuance and service of process for failure to state a claim on which relief may be granted. The Plaintiff filed timely objections to the R&R on September 15, 2010.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In his objections, the Plaintiff states that he "is not asking for monetary damages for imprisonment. The monetary damages which the Plaintiff seeks is solely for the claim the State made on a affidavit on 5/29/03, which stated the Plaintiff violated one of their private laws." *Objections,* p.1. Moreover, the Plaintiff claims that a contract with the State is a prerequisite to be found guilty of violating state law. *Id.* The Court disagrees.

Despite his claims to the contrary, the Plaintiff is requesting monetary damages for "unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid." *Heck v. Humphrey,* 512 U.S. 477, 486 (1994). The Supreme

Court has held that in order to recover damages for imprisonment in violation of the Constitution, a plaintiff must first successfully challenge the imprisonment. *Id.* at 487. Further, release from prison is not a remedy available under 42 U.S.C. § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Wilson v. Johnson,* 535 F.3d 262, 265 (4th Cir. 2008) ("[W]hen a plaintiff's claims challenge 'the lawfulness of conviction or confinement,' they are simply not 'cognizable as § 1983 claims'" (quoting *Heck,* 512 U.S. at 483-86)). In fact, habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate release. *Preiser,* 411 U.S. at 500.

In the instant matter, a favorable judgment would necessarily imply the invalidity of the Plaintiff's conviction, and the Plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state court conviction. The Plaintiff has failed to show that his conviction has been reversed, expunged, invalidated or impugned by the grant of a writ of habeas corpus. *Heck,* 512 U.S. at 487. Thus, the Complaint is dismissed for failure to state a claim on which relief may be granted.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and this case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                                            s/ R. Bryan Harwell
                                                            R. Bryan Harwell
                                                            United States District Judge

Florence, South Carolina
September 20, 2010